IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE RUSSELL SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 22-163-J |

O R D E R

AND NOW, this 21st day of January, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends that the Administrative Law Judge ("ALJ") failed to properly consider and explain his analysis of the medical opinion of Joseph Tavares, M.D. (Doc. No. 15). Plaintiff also asserts that the ALJ erred in analyzing his subjective complaints. (*Id.*). Upon careful review, the Court disagrees with Plaintiff and finds that substantial evidence supports the ALJ's decision.

Dr. Tavares, a consultative examiner, concluded Plaintiff could perform light level lifting with a variety of limitations, including postural, manipulative, and environmental limitations. (Ex. 8F). The ALJ found this opinion not to be persuasive because the severity of the limitations assessed by Dr. Tavares were not supported by Dr. Tavares' own examination or other physical examinations in the record and the opinion was inconsistent with the wider record. (R. 31-32). The ALJ, after reviewing all the evidence, concluded that Plaintiff had the RFC to perform light work with several additional limitations. (R. 27).

Plaintiff contends that the ALJ did not properly evaluate the consistency and supportability factors in relation to Dr. Tavares' opinion. (Doc. No. 15 at 8-14). Specifically, Plaintiff asserts that the ALJ erred by failing to make specific references to Dr. Tavares' examination in support of the statement that the severity of Dr. Tavares' opined limitations was not supported by his examination. (*Id.* at 10-11). Further, Plaintiff asserts that the ALJ did not engage in a proper consistency analysis, as the ALJ did not compare Dr. Tavares' findings with the wider record. (*Id.* at 12-14). As to supportability, the ALJ acknowledged Dr. Tavares' examination findings, including that Plaintiff presented with an antalgic gait, could not walk on his heels and toes without difficulty, and could not do a full squat. (R. 28, 31). Based on these findings, Dr. Tavares opined that Plaintiff was moderately restricted in that he could perform light level lifting, but could only sit for three hours, stand for three hours, and walk for three hours in an eight-hour day. (R. 31). Dr. Tavares also opined that Plaintiff be limited to occasional reaching overhead, and included some manipulative, postural, and environmental limitations. (*Id.*). The ALJ noted that Dr. Tavares' opined limitations were not supported by Dr. Tavares' own examination, as his examination findings were supportive of light exertional work, which differed from the light work with additional limitations that Dr. Tavares recommended for Plaintiff. (R. 31). Accordingly, Plaintiff's argument on this point is without merit.

Further, as to consistency, the ALJ noted that other treatment providers found that Plaintiff had a normal gait, motor strength, motor power, and muscle tone in his upper and lower extremities, which was inconsistent with Dr. Tavares' findings that Plaintiff could not walk on his heels or toes without difficulty and could not do a full squat. (R. 28-29, 31-32);

2

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Mark R. Hornak, J.
United States District Judge

ecf:  Counsel of record

---

*see Jones v. Barnhart*, 364 F.3d 501, 504-5 (3d Cir. 2004) (noting the ALJ's decision must be "read as a whole").  The ALJ discussed Dr. Tavares' findings throughout the decision, specifically in relation to other findings within the record and in contrast to his opined limitations.  (R. 28-29, 31-32).  This analysis is commensurate with agency regulations requiring articulation of the supportability of the opinion in comparison to the medical source's own findings and the consistency of the opinion in relation to other evidence within the record.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *see also Cook v. Comm'r of Soc. Sec.*, No. 20-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).  Accordingly, the ALJ's analysis of Dr. Tavares' opinion is supported by substantial evidence.

Plaintiff also asserts that the ALJ erred in his analysis of Plaintiff's subjective complaints.  (Doc. No. 15 at 14-16).  Plaintiff takes issue with the ALJ's analysis of his subjective complaints and contends that the ALJ did not explain why he found these complaints not credible.  (*Id.*).  Plaintiff's argument overlooks that the ALJ explained that he found Plaintiff's testimony to be inconsistent with record evidence.  (R. 28-29).  The ALJ acknowledged Plaintiff's complaints that he had problems with his concentration, memory, and nightmares since the time of his electrocution accident, and that he suffered from post-traumatic stress disorder, anxiety, and panic attacks since the incident.  (*Id.*).  Further, the ALJ noted that Plaintiff complained of having total body paresthesia involving the arms, legs, and trunk.  (R. 29).  However, the ALJ explained that these complaints were not supported by the objective evidence; indeed, he specifically mentioned that Dr. John Talbott, M.D., concluded that Plaintiff's subjective complaints did not correlate with any objective findings.  (R. 29 (citing Ex. 16F)).  Additionally, the ALJ explained that the record showed Plaintiff had many normal mental findings, including unremarkable mental status examinations and no history of inpatient psychiatric hospitalization, which contrasted against Plaintiff's alleged limitations stemming from his mental impairments.  (R. 28-29).  In sum, Plaintiff's argument on this point fails.

For these reasons, the ALJ's findings and conclusions are supported by substantial evidence.  Therefore, the Court affirms the findings of the Commissioner.